## UNIVERSAL LIFE & ACCIDENT INS. CO. v. WHITE et al.
### No. 8621.

Court of Civil Appeals of Texas. San Antonio.
May 20, 1931.

Cause Dismissed by Agreed Motion June 24, 1931.

L. M. Patterson, of San Antonio, for appellant.

Oliver W. Johnson, of San Antonio, for appellees.

SMITH, J.

This action was brought against appellant by appellee to recover the amount of an insurance policy issued upon the life of Jonnie D. Brooks in favor of appellee as beneficiary. The suit was contested by appellant upon the ground that insured was not in "sound health" at the time the policy was delivered to him, and that it was expressly provided in the policy that it should not take effect in such contingency.

The jury found in response to the sole issue submitted to it that the insured was in fact in sound health at the date of the delivery of the policy, and from an appropriate judgment rendered thereon the insurance company has appealed.

There is no statement of facts in the case or findings of fact by the trial judge. So far as the record shows to the contrary, neither the insurance policy sued on nor the provision thereof relied upon by appellant as a defense was put in evidence.

The trial court submitted only the one issue, as to the sound health of the insured, to the jury, together with a definition of the term "sound health" as used in the special issue. Appellant objects to the sufficiency of said charge, as being not sufficiently full, and as omitting certain elements, as well as to the definition of certain other phrases used in the definition given. Appellant requested no special charges so amplifying the court's definition or presenting the additional definitions desired by appellant.

In the absence of a statement of facts and of any evidence that the policy contained the defensive provision set up by appellant, this court is unable to determine the merits of appellant's contentions. The charges given by the court may have been sufficient under the state of the evidence, which, so far as the record shows to the contrary, may have been such as require the rendition of judgment in favor of appellee, without regard to the charges given or withheld, and without regard to whether appellant or appellee opened and closed the argument to the jury.

The state of the record is such that this court cannot say that appellant was prejudiced by the manner of submitting the case to the jury, or that the court erred in any particular.

The judgment is affirmed.